25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 ISLAND CREEK COAL COMPANY, Petitioner,
v.
Jewell F. MESSAMORE, et al., Respondents.
 No. 93-3349.
 United States Court of Appeals, Sixth Circuit.
 May 25, 1994.
 
 Before: KEITH AND BATCHELDER, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Island Creek Coal Company ("Island Creek") petitions this court to review a final order of the Benefits Review Board ("Board") affirming an award of Black Lung Benefits to Respondent Jewell F. Messamore ("Messamore"). For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 On July 30, 1979, Messamore, an Island Creek coal worker with 24 years experience, applied for black lung benefits under 20 C.F.R. 727.203. Two weeks later, Dr. Arthur Bentsen ("Bentsen") examined Messamore. Although an x-ray revealed pneumoconiosis, Bentsen did not document any physical limitations stemming from pulmonary disease. On November 15, 1979, Messamore was awarded benefits.
 
 
 3
 Five months later, Dr. William H. Getty ("Getty") examined Messamore on Island Creek's behalf, and on April 11, 1980, reported Messamore's chronic bronchitis "could be related to his mining exposure and rather heavy smoking experience." Getty found no pneumoconiosis, and concluded Messamore "could probably continue to be doing some mining work, possibly on a less strenuous capacity." One month later, Getty found that Messamore's impairments resulted from natural aging rather than exposure to coal dust.
 
 
 4
 After reviewing Getty's reports, Dr. George L. Zaldivar ("Zaldivar") adopted Getty's findings. He opined Messamore suffered from mild emphysema, pneumoconiosis and obstructive bronchitis, all of which probably resulted from cigarette smoking. Furthermore, he agreed Messamore could continue mining.
 
 
 5
 Island Creek appealed the Director's November 15, 1979 decision. After a hearing, an administrative law judge (ALJ) found Island Creek successfully rebutted the interim presumption of entitlement to benefits by showing Messamore's pulmonary impairment was not totally disabling and denied the award under 20 C.F.R. 727.203(b)(2).
 
 
 6
 Messamore appealed the decision of the Board. On January 24, 1989 the Board found the administrative law judge applied the wrong standard, and remanded the case for consideration under both 20 C.F.R. 727.203(b)(2) and (b)(3).
 
 
 7
 On March 8, 1989, Zaldivar notified Island Creek that Messamore had esophageal stenosis which was possibly disabling, but was not caused by pneumoconiosis. Two weeks later, Bentsen wrote Island Creek that Messamore had pneumoconiosis, but was not functionally disabled.
 
 
 8
 On August 20, 1989, applying both 20 C.F.R. 727.203(b)(2) and (b)(3), the administrative law judge found Island Creek presented insufficient evidence to rebut the presumption of entitlement, and awarded Messamore benefits. On appeal, the Board affirmed the award of benefits. Island Creek subsequently petitioned this court to review the matter.
 
 II.
 
 9
 In its petition, Island Creek maintains: (1) both the ALJ and Board erroneously determined the medical evidence did not rebut the presumption of entitlement; and (2) the ALJ failed to consider aspects of Getty's report. We disagree.
 
 
 10
 We must uphold the ALJ's factual findings if they are supported by substantial evidence. Tennessee Consolidated Coal Co. v. Crisp, 866 F.2d 179, 184 (6th Cir.1989). Substantial evidence is defined as more than a scintilla, or that which a reasonable mind might accept as adequately supporting a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). This court has held, however, that "(d)eterminations of whether a physician's report is sufficiently documented and reasoned is a credibility matter left to the trier of fact." Moseley v. Peabody Coal Co., 769 F.2d 357, 360 (6th Cir.1985); Tennessee Consol., 866 F.2d at 185.
 
 A.
 
 11
 "The presumption (of disability) shall be rebutted if ... (t)he evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment." 20 C.F.R. Sec. 727.203(b)(3). Thus, an employer must prove pneumoconiosis did not partially or totally cause the miner's disability. Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1120 (6th Cir.1984) cert. denied, 471 U.S. 1116 (1985). "Where, however, pneumoconiosis is a contributing cause to a miner's total disability, he is conclusively entitled to benefits." Id.
 
 
 12
 The ALJ determined Island Creek failed to prove Messamore's disability did not partially result from his mining employment. "Based on a weighing of all the medical evidence, I therefore find that the Employer has not presented sufficient evidence to rebut the interim presumption under Sec. 727.203(b)(3)." (JA p. 32).
 
 
 13
 We believe the ALJ properly acted within his province of fact finder. In finding disability based on conflicting medical evidence presented by Getty, Zaldivar and Bentsen, "the ALJ did no more than inquire whether the [doctors' reports were] 'sufficiently documented and reasoned,' a credibility decision ... expressly left to the ALJ." Tennessee Consol., 866 F.2d at 185. The ALJ, in a specific credibility determination, found the medical evidence prevented Island Creek from satisfying its burden to show coal mine employment was not a contributing cause to Messamore's disability. Here, Zaldivar and Bentsen did not rule out coal mine employment or pneumoconiosis as a contributing cause of Messamore's disability. Thus, Island Creek failed to establish that Messamore's disability did not arise in whole or in part out of coal mine employment.
 
 B.
 
 14
 Island Creek next argues the ALJ failed to consider Getty's report attributing Messamore's impairment to "non-occupationally related aging," in violation of the requirement an ALJ must consider all relevant rebuttal evidence. Island Creek claims the Board erroneously affirmed the ALJ despite Getty's report. We disagree.
 
 
 15
 The ALJ considered Getty's report pursuant to 20 C.F.R. Sec. 727.203(b)(2), but not under Sec. 727.203(b)(3). The Board found this was harmless error because Getty found Messamore's bronchitis may be caused by coal mine employment. We find, therefore, substantial evidence exists showing Island Creek failed to establish that Messamore's disability did not partially result from the coal mine employment.
 
 III.
 
 16
 Recognizing the ALJ's role as fact finder and the substantial evidence supporting Island Creek's failure to rebut the presumption of entitlement to benefits, we find the ALJ's award of benefits was not erroneous. For the foregoing reasons, we AFFIRM the decision of the Benefits Review Board.
 
 
 
 *
 The Honorable Charles W. Joiner, United States Senior District Judge for the Eastern District of Michigan, sitting by designation